IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ROBERT CALDWELL | § | |
| v. | § | CIVIL ACTION NO. 6:15cv594 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Robert Caldwell, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Caldwell states that he was convicted of aggravated assault on April 28, 2000, in the 7th Judicial District Court of Smith County, Texas. He had been placed on deferred adjudication on June 17, 1998, and the adjudication of guilt took place on April 28, at which time Caldwell received a sentence of 25 years in prison.

The magistrate judge observed that this is the third federal habeas corpus petition which Caldwell has filed concerning this same conviction. *See* Caldwell v. Director, TDCJ-CID, civil action no. 6:02cv443 (E.D.Tex., dismissed with prejudice June 3, 2003, *aff'd* Sept. 27, 2006); Caldwell v. Director, TDCJ, civil action no. 6:09cv138 (E.D.Tex., dismissed as successive April 14, 2009, *appeal dismissed* June 5, 2009, *cert. denied*). Federal habeas petitioners must obtain permission from the appropriate court of appeals prior to filing a successive petition. 28 U.S.C. §2244(b)(3). Caldwell has not sought nor received permission from the Fifth Circuit Court of

Appeals to file a successive petition, and the the district court therefore lacks jurisdiction over his claims. *See* Crone v. Cockrell, 324 F.3d 833, 836 (5th Cir. 2003).

The magistrate judge also noted that Caldwell has repeatedly filed meritless habeas corpus petitions challenging various prison disciplinary actions. As a result, the Fifth Circuit has imposed sanctions upon him totaling $300.00 and declared that Caldwell may not file any *pro se* civil actions or appeals unless he submits proof that the sanctions have been satisfied. *See* Caldwell v. Quarterman, slip op. no. 07-40373 (5th Cir., December 11, 2007) (unpublished). Court records do not show that Caldwell has satisfied these sanctions. The magistrate judge therefore recommended that the present petition be dismissed without prejudice until such time as Caldwell obtains permission from the Fifth Circuit Court of Appeals to file a successive petition. Once he obtains such permission, he may re-file his petition along with proof that the sanctions have been satisfied.

In his objections to the magistrate judge's report, Caldwell argues first that he did not consent to having the magistrate judge participate in or rule on his case. He states that under 28 U.S.C. §636(c), consent must be express. However, the case was referred to the magistrate judge for pre-trial matters in accordance with 28 U.S.C. §636(b). No consent is required for a referral under §636(b). Newsome v. EEOC, 301 F.3d 227, 230 (5th Cir. 2002).

Caldwell also contends that he does not have to comply with §2244(b)(3) because he is actually innocent. Actual innocence is not an exception to the successive-petition rule of §2244(b)(3). *See* In re Warren, 537 F.App'x 457 (5th Cir., July 29, 2013). Rather, Caldwell may present his actual-innocence claim to the Fifth Circuit as a basis for seeking permission to file a successive petition. In re Flowers, 595 F.3d 204, 205 (5th Cir. 2009); *see* In re Komolafe, slip op. no. 04-40007 (5th Cir., March 2, 2004) (granting permission to file a successive petition upon a showing of newly discovered evidence).

Caldwell's objections do not mention the sanctions imposed upon him. The magistrate judge properly determined that these sanctions represented an alternative basis for dismissal of the petition.

Caldwell may show proof of satisfaction of the sanctions or explain why these should not be enforced when he seeks permission from the Fifth Circuit to file a successive petition.

The Court has conducted a careful *de novo* review of those portions of the magistrate judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the report of the magistrate judge (docket no. 8) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled application for the writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**, with re-filing conditioned upon Caldwell obtaining permission from the Fifth Circuit Court of Appeals to file a successive petition. He may not re-file this petition until such permission is obtained. It is further

**ORDERED** that the Petitioner Robert Caldwell is **DENIED** a certificate of appealability *sua sponte*. The denial of a certificate of appealability refers only to an appeal of the present case and does not limit Caldwell's right to seek permission from the Fifth Circuit to file a second or successive petition. Should Caldwell obtain such permission from the Fifth Circuit, he must submit proof of satisfaction of all sanctions imposed against him at the time he refiles his petition in the district court. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

SIGNED this 21st day of October, 2015.

3

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE